**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Cesar Ricardo GONZALEZ–GARCIA,
Defendant—Appellant.**

**No. 13–50599.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 22, 2015.*

Filed June 29, 2015.

Jean–Claude Andre, Assistant U.S., Daniel H. Malvin, Esquire, Special Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

William S. Harris, Law Offices of Wm. S. Harris, South Pasadena, CA, for Defendant–Appellant.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Cesar Ricardo Gonzalez–Garcia appeals from the district court's order denying his motion for a writ of error coram nobis seeking to vacate his 2011 conviction for illegal reentry after deportation, in viola-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez–Garcia claims that a copy of his Mexican birth certificate obtained in 2013 provides a basis for vacating his conviction because it proves that the version of the birth certificate admitted at trial is fake. We review de novo the district court's denial of Gonzalez–Garcia's coram nobis petition. *See United States· v. Riedl,* 496 F.3d 1003, 1005 (9th Cir.2007). Gonzalez–Garcia has failed to show valid reasons for failing to challenge the authenticity of the admitted version of the birth certificate at trial. *See id.* at 1006–07. Moreover, he has failed to demonstrate an error of "the most fundamental character." *See Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir.1987). Accordingly, the district court properly denied Gonzalez–Garcia coram nobis relief.

**AFFIRMED.**